FILED & ENTERED

FEB 04 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

**ORDER NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>GUILLERMO SALAS FRIAS AND JOSEFINA SALAS,<br><br>           Debtors. | Case No. 2:15-bk-20339-RK<br><br>Chapter 7<br><br>**ORDER DENYING REQUEST OF CHAPTER 7 TRUSTEE FOR APPROVAL OF PROPOSED SALE PROCEDURES IN MOTION TO APPROVE ASSIGNMENT AGREEMENT BETWEEN TRUSTEE AND DEBTORS FOR TRUSTEE'S CONVEYANCE OF THE ESTATE'S INTEREST IN A 2011 MERCEDES-BENZ C300 ON NEGATIVE NOTICE AND SETTING HEARING ON APPROVAL OF SUCH SALE PROCEDURES**<br><br>Hearing:<br>Date:    February 16, 2016<br>Time:   2:30 p.m.<br>Place:  Courtroom 1675<br>          255 East Temple Street<br>          Los Angeles, CA 90012 |

Pending before the court is the "Motion to Approve Assignment Agreement Between the Trustee and Debtors for the Trustee's Conveyance of Estate's Interest In A 2011 Mercedes-Benz C300" ("Motion"), ECF 36, of Peter J. Mastan, as the duly appointed Chapter 7 Trustee ("Trustee") of the estate of Guillermo Salas Frias and Josefina Salas ("Debtors"). Trustee represented himself on the Motion. Trustee brought the Motion under

the procedures of Local Bankruptcy Rule ("LBR") 9013-1(o) for "Motions and Matters Determined After Notice of Opportunity to Request Hearing."

By the Motion, Trustee requests the court's authorization to assign the Estate's interest in a 2011 Mercedes-Benz C300 to Debtors pursuant to 11 U.S.C. § 363(b) and Local Bankruptcy Rule 6004-1(c) on an "as is" and "where is" basis, subject to any encumbrances, liens, claims and restrictions and overbid; determination that the assignment agreement was a good faith transaction within the meaning of 11 U.S.C. § 363(m); approval of the overbid procedures pursuant to Local Bankruptcy Rule 6004-1(b); and waiver of the 14-day stay of orders for the disposition of estate property set forth in Federal Rule of Bankruptcy Procedure 6004(h).  As to the part of the Motion seeking approval of overbid sales procedures, pursuant to LBR 9013-1(o)(2)(I), the Motion falls into the category of "Motions for orders establishing procedures for the sale of the estate's assets under LBR 6004-1(b)," which may **not** be determined by the procedures of LBR 9013-1(o) for motions and matters determined after notice of opportunity to request hearing, or locally known as the negative notice procedures, unless otherwise ordered by the court.  In this instance, the court has not otherwise ordered under LBR 9013-1(o)(2)(I) that Trustee could use the negative notice procedures to seek approval of the proposed sale procedures, but in the future, Trustee or other parties could seek such relief upon a proper showing.

The court, having reviewed and considered the Motion and the notice thereof, ECF 36 and 37, the Amended Notice of Sale of Estate Property, ECF 40, and the Declaration That No Party Requested A Hearing on Motion, ECF 43 and 45; and having determined that the Motion is subject to LBR 9013-1(o)(2)(I) which expressly prohibits "[m]otions for orders establishing procedures for the sale of the estate's assets under LBR 6004-1(b)" to be brought under the negative notice procedures of LBR 9013-1(o), which Trustee proposes to do through this Motion by requesting the court's approval of overbid procedures on negative notice; and good cause appearing therefor,

IT IS HEREBY ORDERED as follows:

1. Trustee's request for a determination of the Motion as to the overbid procedures under LBR 6004-1(b) under the negative notice procedures of LBR 9013-1(o)(2)(I) is denied because this rule provides that the court may not determine the approval of the sale procedures described in the Motion under the negative notice procedures. However, it appears that the balance of the Motion is not so restricted and may be considered on negative notice.

2. The Motion as to the proposed sale procedures is hereby set for hearing on <u>February 16, 2016, at 2:30 p.m.</u>, because the Motion as to the proposed sale procedures is thus subject to the requirements of LBR 6004-1(b) providing for at least 7 days notice to applicable parties.

3. Trustee is required to provide notice of the hearing as to the proposed sale procedures in the Motion by <u>February 8, 2016</u> in compliance with Local Bankruptcy Rule 6004-1(b) requiring a minimum 7 days notice on Debtor, all creditors, any other party that is likely to be adversely affected by the granting of the Motion, and the United States Trustee.

4. Such notice is to state that any opposition to the proposed sale procedures in the Motion and reply thereto can be made orally at the February 16, 2016 hearing.

///

1   5.  The court expects to rule on approval of the proposed sale procedures in the
2       Motion at the hearing on February 16, 2016.
3   **IT IS SO ORDERED.**
4                                       ###

23
    Date: February 4, 2016                    _____
24                                             Robert Kwan
25                                             United States Bankruptcy Judge